1 | BENJAMIN B. WAGNER
United States Attorney
2 | JARED C. DOLAN
Assistant United States Attorney
3 | 501 I Street, Suite 10-100
Sacramento, CA 95814
4 | Telephone: (916) 554-2700
Facsimile:  (916) 554-2900
5 |

**FILED**

DEC 30 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

6 | Attorneys for Plaintiff
United States of America

7 |

8 | IN THE UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10 |

UNITED STATES OF AMERICA,

11 |                                    Plaintiff,

12 |                          v.

13 | DEBORAH HOLLIMON,

14 |                                    Defendant.

CASE NO.   2:15 - CR - 0 2 3 7 KJM

18 U.S.C. § 1341 – Mail Fraud (10 Counts); 18
U.S.C. § 1028A – Aggravated Identity Theft; 18
U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) –
Criminal Forfeiture

15 |

16 |

17 | I N D I C T M E N T

18 | COUNTS ONE THROUGH TEN: [18 U.S.C. § 1341 – Mail Fraud]

19 |     The Grand Jury charges:

20 |                          DEBORAH HOLLIMON,

21 | defendant herein, as follows:

22 |                          INTRODUCTION

23 |     At all times material herein,

24 |     1.     The State of California Employment Development Department ("EDD") was the

25 | department of the State of California that administered the Unemployment Insurance ("UI") program for

26 | the State of California.

27 |     2.     An employer was required to register with the EDD within fifteen days of paying $100 or

28 | more in wages to one or more employees. An employer registered by submitting Form DE-1, the

INDICTMENT                              1

1  Registration Form for Commercial Employees. The DE-1 Form included, among other things, spaces
2  for the company's name, address, number of employees, owner, and type of business. After receiving
3  the DE-1 from a new employer, the EDD assigned that employer an Employer Account Number (EAN).

4      3.    Individuals who were laid off by an employer were eligible to receive UI benefits. The
5  amount of weekly UI benefits paid to a claimant was based on that claimant's prior earnings. In order to
6  receive benefits, a UI claimant was required to provide information to the EDD, including the claimant's
7  name, social security number, and previous employer. Prior to making payment on the claim, the EDD
8  verified that the claimant had earnings reported to the EDD by his/her employer. Employers reported
9  wages that they paid their employees to EDD by submitting Wage and Withholding reports, generally,
10  Form DE-9C.

11      4.    When payment for a UI benefit claim was made, federal funds were transmitted through a
12  series of wire transmissions and other transactions, including at least one interstate wire transmission,
13  which originated in the Unemployment Insurance Trust Fund at the Federal Treasury in Washington,
14  D.C. and ended in the state of California. The final wire placed the money at the Bank of America in
15  Sacramento, California. Such funds were then paid to debit cards in the names of such claimants.
16  Those debit cards were mailed to an address provided by the claimant.

17      5.    As long as wages were reported by an employer, EDD would pay UI benefits even
18  though the employer may not have paid any payroll taxes to EDD. If no payroll taxes had been paid by
19  the employer, EDD would attempt to collect the delinquent payroll taxes owed by the employer.
20  However, an employer's delinquency would not affect a claimant's eligibility for benefits.

21  SCHEME TO DEFRAUD

22      6.    Beginning on or about September 14, 2012, and continuing until in or about September
23  2015, within the State and Eastern District of California and elsewhere, defendant DEBORAH
24  HOLLIMON, and others known and unknown to the Grand Jury, knowingly devised, intended to devise,
25  and participated in a material scheme and artifice to defraud EDD and to obtain money from that entity
26  by means of material false and fraudulent pretenses, representations, and promises, and in connection
27  therewith, caused the United States mails to be used, to wit: HOLLIMON filed and caused to be filed
28  deficient, false, and fraudulent UI claims with the EDD, and thereby obtained money from the EDD for

INDICTMENT           2

1   HOLLIMON and others to which she and they were not lawfully entitled.

2       7.    As a result of the aforesaid scheme and artifice to defraud, HOLLIMON defrauded the

3   State of California of amounts in excess of $550,000.

4   WAYS AND MEANS

5       In furtherance of the scheme and artifice to defraud set forth above, defendant DEBORAH

6   HOLLIMON employed, among others, the ways and means described below:

7       8.    HOLLIMON, and another individual known to the Grand Jury, created fictitious

8   employers by submitting fictitious employer and company information to the EDD. The information

9   submitted to the EDD included a fictitious company name, business address, and owner. In response,

10   the EDD provided HOLLIMON with an EAN.

11       9.    After a fictitious employer was created, defendant HOLLIMON created fictitious

12   employees for that company using, at times, her own identity, but usually the stolen identities of other

13   individuals with no knowledge of the scheme.

14       10.    After identifying the stolen identities that would be used for the scheme, defendant

15   HOLLIMON then used the previously provided EAN to submit Form DE-9C Wage and Withholding

16   reports to the EDD Employment Tax Office listing fictitious payments to the fictitious employees for the

17   fictitious company.

18       11.    Once having submitted the DE-9C Wage and Withholding Reports, defendant

19   HOLLIMON contacted the EDD posing as one of the fictitious laid-off employees and requested

20   unemployment benefits. At that time, defendant HOLLIMON provided the employee's name, social

21   security number, and previous employer to the EDD. The information submitted to the EDD during the

22   actual claim process was false and material to the EDD's decision to pay benefits.

23       12.    After verifying that earnings had been reported by an employer for the employee

24   claiming benefits, the EDD filed the claim and sent an EDD Bank of America debit card to an address

25   provided by the purported claimant, an address usually controlled by defendant HOLLIMON and others

26   known and unknown to the Grand Jury. During the course of the claim, benefits were periodically wired

27   into the card by the EDD.

28       13.    The information reported to the EDD on the DE-9C was false and material to EDD's

INDICTMENT        3

1  decision to pay and continue paying benefits.

2                                           <u>MAILINGS</u>

3       14.    On or about the dates set forth below, for the purposes of executing the scheme and

4  artifice to defraud, and attempting to do so, HOLLIMON knowingly caused the following items to be

5  delivered by mail according to the direction thereon, as charged below:

6

| Count | Date | Mail Matter |
|-------|------|-------------|
| 1 | April 26, 2013 | EDD Bank of America debit card, account number ending 3951, issued in the name of Deborah Hollimon, mailed to 126 Normandy Ct, Stockton, CA |
| 2 | November 5, 2013 | EDD Bank of America debit card, account number ending 8701, issued in the name of Person A, mailed to 2828 Parkview Ter, Fairfield, CA |
| 3 | February 4, 2014 | EDD Bank of America debit card, account number ending 3703, issued in the name of Person B, mailed to 2828 Parkview Ter, Fairfield, CA |
| 4 | September 30, 2014 | EDD Bank of America debit card, account number ending 0226, issued in the name of Person C, mailed to 448 S. Netherton Ave, Stockton, CA |
| 5 | September 30, 2014 | EDD Bank of America debit card, account number ending 9865, issued in the name of Person D, mailed to 126 Normandy Ct, Stockton, CA |
| 6 | September 30, 2014 | EDD Bank of America debit card, account number ending 8879, issued in the name of Person E, mailed to 126 Normandy Ct, Stockton, CA |
| 7 | September 30, 2014 | EDD Bank of America debit card, account number ending 1661, issued in the name of Person F, mailed to 448 S. Netherton Ave, Stockton, CA |
| 8 | September 30, 2014 | EDD Bank of America debit card, account number ending 5817, issued in the name of Person G, mailed to 126 Normandy Ct, Stockton, CA |
| 9 | May 12, 2015 | EDD Bank of America debit card, account number ending 1758, issued in the name of Person H, mailed to 126 Normandy Ct, Stockton, CA |
| 10 | May 14, 2015 | EDD Bank of America debit card, account number ending 9033, issued in the name of Person I, mailed to 3328 N. Marks Ave, Apt 101, Fresno, CA |

In violation of Title 18, United States Code, Section 1341.

///

1  COUNT ELEVEN: [18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft]

2      The Grand Jury further charges: T H A T

3                          DEBORAH HOLLIMON,

4  defendant herein, on or about October 3, 2014, in San Joaquin County, in the State and Eastern District

5  of California, and elsewhere, did knowingly possess and use, without lawful authority, a means of

6  identification of another person, that is, the EDD debit card issued in the name of Person E, which

7  included the name and account number of Person E, during and in relation to a felony enumerated in 18

8  U.S.C.§ 1028A(c), that is, mail fraud, in violation of 18 U.S.C. § 1341, all in violation of Title 18,

9  United States Code, Section 1028A(a)(1).   .

10  FORFEITURE ALLEGATION:        [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal
11                                Forfeiture]

12      Upon conviction of one or more of the offenses alleged in Counts One through Ten of this

13  Indictment, defendant DEBORAH HOLLIMON shall forfeit to the United States, pursuant to 18 U.S.C.

14  § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived

15  from proceeds traceable to such violations, including but not limited to the following:

16      a) A sum of money equal to the amount of proceeds traceable to such offenses, for

17          which defendant is convicted.

18      15.   If any property subject to forfeiture, as a result of the offenses alleged in Counts One

19  through Ten of this Indictment, for which defendant is convicted:

20      a)      cannot be located upon the exercise of due diligence;

21      b)      has been transferred or sold to, or deposited with, a third party;

22      c)      has been placed beyond the jurisdiction of the court;

23      d)      has been substantially diminished in value; or

24      e)      has been commingled with other property which cannot be divided without

25              difficulty;

26  it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to

27  ///

28  ///

1  seek forfeiture of any other property of said defendant, up to the value of the property subject to

2  forfeiture.

3                                                                    .A TRUE BILL.

4                                                                    /s/ **Signature on file w/AUSA**

5                                                                    _____
                                                                     /s/

6                                                                    FOREPERSON

7  BENJAMIN B. WAGNER
   United States Attorney
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States v. Deborah Hollimon**
**Penalties for Indictment**

**Defendant**
**Deborah Hollimon**

## COUNTS 1-10:

VIOLATION:          18 U.S.C. § 1341 – Mail Fraud

PENALTIES:          20 years in prison; or
                    Fine of up to $250,000; or both fine and imprisonment
                    Supervised release of 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## COUNT 11

VIOLATION:          18 USC 1028A – Aggravated Identity Theft

PENALTIES:          Mandatory 2 years in prison to run consecutive to any other term imposed
                    Fine of up to $250,000, or both fine and imprisonment
                    Supervised release of 1 year

## FORFEITURE ALLEGATION:

VIOLATION:          18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

PENALTIES:          As stated in the charging document

5

*No.* _ _ _ _ _ _ _ _ _ _

---

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

### DEBORAH HOLLIMON

---

## I N D I C T M E N T

**VIOLATION(S):**  18 U.S.C. § 1341 – Mail Fraud;
18 U.S.C. §1028A – Aggravated Identity Theft;
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

---

*A true bill,*       **/s/ Signature on file w/AUSA**

_____
*Foreman.*

*Filed in open court this* _ _ _ _ 30 _ _ _ _ _ _ _ *day*

*of* DECEMBER _ _ _ , *A.D. 20* 15

_____
*Clerk.*

*Bail. $* ~~NO BAIL WARRANT PENDING HEARING~~    – Deborah Hollimon

_____

GPO 863 525